**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | 11 C 1554 (05 CR 70) |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **EURAL BLACK,** | ) | |
| | ) | |
| **Petitioner.** | ) | |

## MEMORANDUM OPINION AND ORDER

Eural Black has filed a 28 U.S.C. § 2255 motion to vacate his sentence for racketeering, conspiracy with intent to distribute a controlled substance, robbery and possession of a firearm during a drug trafficking offense. For the reasons set forth below, the Court denies the motion.

## Discussion

Black asks the Court to vacate his sentence, arguing that his trial and/or appellate counsel were constitutionally ineffective because they: (1) did not object to the government calling Black a "rogue cop" during opening; (2) kept Black from testifying; (3) did not ask for a continuance of the trial date; (4) did not object to the admission of recorded conversations that did not involve Black, challenge the government's *Santiago* proffer, make any pre-trial motions regarding the scope of the conspiracy, offer a hub-and-spoke conspiracy defense or request that the jury be given instructions about multiple conspiracies; and (5) failed to object to the jury instructions regarding 18 U.S.C. § 924(c) and the constitutionality of the sentence Black received for violating it. To prevail on each ineffective assistance claim, Black must show that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) there is a reasonable probability that,

but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). The *Strickland* standard is "highly demanding," *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986), and requires Black to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Black contends that his lawyer's failure to object to the prosecutor's "rogue cop" comment was unreasonable and prejudicial because it suggested that the defense agreed with the characterization and that Black's guilt was a foregone conclusion. However, the instructions the Court gave the jury just before the opening refute this contention. Among other things, the Court told the jury that: (1) the lawyers' statements and arguments are not evidence; (2) Black is "presumed innocent until proven guilty"; and (3) the indictment against Black was "only an accusation[,] . . . . not proof of guilt or anything else." (Trial Tr. 12-13.) Further, the gist of Black's defense, as explained in his counsel's opening statement, was that Black's co-defendants Broderick Jones and Erik Johnson, were, indeed, corrupt police officers, but Black was not. (*See id.* 37 (defense counsel arguing that "Broderick Jones is a one-man wave of police corruption," "Johnson . . . helped Jones with the crimes," Black "had no way of knowing that [Jones and Johnson] were stealing money from suspects" and Black "was not part of that corruption").) Because Black's defense was that he did not know about his co-defendants' corruption, not that the corruption did not exist, there was no reason for his lawyer to object to the rogue cop comment.

Black's second claim is that, despite having told the Court otherwise (*id.* 938), he wanted to testify but did not because his lawyer told him the government "would not bring up some unknown financial records," if he stayed silent. (Pet. 9.) Black offers no evidence to support this

2

claim, which is fatal to it. *See Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991) (holding that defendant cannot rest on his own "barebones assertion[s]" but must offer "some substantiation . . . , such as an affidavit from the lawyer who allegedly forbade his client to testify" to succeed on a claim that counsel deprived him of his right to testify).[1]

Moreover, even if the claim were supported, counsel's advising Black to stay silent so he could not be questioned about his finances, the dire state of which the government said was the motive for his crimes, is a matter of trial strategy to which the Court would defer. *See id.* at 475 (rejecting ineffective assistance claim because counsel "sound[ly]" advised defendant to stay silent to avoid being discredited on cross-examination). Thus, this claim fails.

So does the claim that Black's counsel unreasonably "insisted on going to trial on Sept. 6, 2006, even though . . . he could [not] have possibly been ready . . . in light of new developments like a superseding indictment and additional discovery." (Pet. 9-10.) Contrary to Black's assertion, the record shows that the trial started on April 30, 2007, giving counsel ample time to respond to the issues Black says arose in the summer of 2006. This claim, therefore, is baseless.

Next, Black argues that his counsel was ineffective because he did not (1) object to the admission of tape-recorded conversations not involving Black, (2) challenge the government's *Santiago* proffer, (3) make any pre-trial motions regarding the scope of the conspiracy, (4) offer a hub-and-spoke conspiracy defense or (5) request that the jury be given instructions about multiple conspiracies. However, the premise of these claims, that Black was not part of the overarching conspiracy charged, was rejected by the Seventh Circuit. *See United States v. Haynes*, 582 F.3d 686,

---

[1] Black's wholly unsupported assertion that his counsel improperly disclosed the theory of defense to the government fails for the same reason.

3

698-701 (7th Cir. 2009). Thus, Black cannot relitigate the issue here. *See United States v. Daniels*, 26 F.3d 706, 711 (7th Cir. 1994) ("[A] Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." (quotation omitted)).

The same is true for Black's claims that his lawyer should have objected to the § 924(c) jury instructions and contested the evidentiary basis for that conviction. Having raised and lost these claims on appeal, they are now barred. *Id.*; *see Haynes*, 582 F.3d at 701-04.

Black fares no better with the claim that his counsel unreasonably failed to challenge the constitutionality of his § 924(c) sentence. Trial counsel did raise the issue (1/3/08 Hr'g Tr. 25) and, though appellate counsel did not, that omission was neither unreasonable nor prejudicial given Eighth Amendment jurisprudence and the appellate decision in this case. *See Harmelin v. Michigan*, 501 U.S. 957, 1994 (1991) (rejecting Eighth Amendment challenge to mandatory minimum sentence for drug possession); *United States v. Smith*, 502 F.3d 680, 690 (7th Cir. 2007) (rejecting constitutional challenge to a thirty-year sentence mandated by § 924(c) for a crime of violence committed using explosives); *United States v. Arrington,* 159 F.3d 1069, 1073 (7th Cir. 1998) ("[I]t is clear that the Eighth Amendment does not prohibit the imposition of the heavy 65-year consecutive terms that § 924(c) requires."); *see also Haynes*, 582 F.3d at 704-05 (stating that any sentencing disparity claim was meritless and waived).

**Conclusion**

For the reasons set forth above, the Court denies Black's § 2255 motion and terminates this case.

**SO ORDERED.**                          **ENTER: December 6, 2011**

                                                   _____
                                                   **HON. RONALD A. GUZMAN**
                                                   **United States District Judge**